```
                                                          FILED
                                                     U.S. DISTRICT COURT
                                                     DISTRICT OF NEBRASKA
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEBRASKA           2006 JUL 21  AM 9: 14

                                                     OFFICE OF THE CLERK
```

| | | |
|---|---|---|
| BARBARA HUNT, | ) | Case No.: 4:05CV3016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STIPULATION AND AGREED |
| | ) | PROTECTIVE ORDER |
| BRYANLGH MEDICAL CENTER, | ) | CONCERNING PRODUCTION |
| | ) | OF DOCUMENTS |
| Defendant. | ) | |

WHEREAS, discovery in the above-entitled action will involve the production of documents and disclosure of personnel records and financial information pertaining to the business BryanLGH Medical Center which contain confidential information; and

WHEREAS, the parties desire to pursue discovery with a minimum of delay and expense; and

WHEREAS, the parties have agreed pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure ("Federal Rules") that a protective order should be entered in connection with the production of documents and disclosure of information by the parties.

IT IS HEREBY ORDERED AND AGREED:

1. When used in this Order, the word "documents" has the full extent of its meaning as provided in the Federal Rules and includes all written, recorded or graphic matter whatsoever including interrogatory answers, requests to admit and responses thereto, documents produced by any party to this action whether

L0696570.1

pursuant to the Federal Rules, by subpoena duces tecum or by agreement, deposition transcripts and exhibits, and any portion of any Court papers which quote from any of the foregoing; and the words "disclosure information" shall mean the information contained in documents.

2. For the purposes of this Order, "confidential" materials include, but are not limited to, trade secrets and any other nonpublic personnel or financial information, regardless of the form in which the information is contained. Materials stamped as "Confidential" by a party or others in response to a discovery request are presumptively deemed to be confidential materials for the purposes of this Order.

3. All documents stamped "confidential" shall be considered confidential for purposes of this Order and shall be used by the non-producing parties, their experts and attorneys, only for the preparation for the conduct of proceedings herein and not for any business or other purpose whatsoever. Failure to claim confidentiality as to any records provided shall not be deemed to constitute a waiver of such claim as to any other documents for which confidentiality is claimed.

4. Except as hereinafter provided in this paragraph and paragraph 6, no confidential documents or disclosure information, nor any portion or summary thereof, produced by a party shall be given, shown, disclosed, or communicated by the nonproducing parties in any way, directly or indirectly, to any person or entity other than:

(a)  Counsel for the parties in this action, and their employees;

(b)  The parties;

(c)  Outside consultants and experts consulted or retained for the purpose of testifying or assisting in the preparation for the conduct of the proceedings herein.

5.  Before disclosure of any confidential documents is made to any person described in paragraph 4(c) above, the person to whom disclosure is made shall be informed of the terms of this order and shall agree in writing to be bound by the terms of this order. Counsel for each party shall maintain a file of such written agreements until this action is concluded. The requirements of this paragraph shall not apply to the use of confidential documents and disclosure information under paragraph 6.

6.  A party may question witnesses concerning any confidential documents and the underlying facts during deposition discovery, provided that the portion of the deposition pertaining to the documents shall be subject to the requirements of paragraph 7.

7.  If any party files any confidential documents or disclosure information produced by another party with the Court, or testimony is given concerning disclosure information contained therein, all such documents, testimony and documents incorporating or referring to such disclosure information, shall be filed under seal and shall be maintained under seal of the Court. For the convenience

of the parties, the Clerk and the Court, any filing containing both confidential and non-confidential material may be filed entirely under seal.

8. Notwithstanding the foregoing, this Order shall be without prejudice to the right of any party to object to the production of any documents, or any testimony, or inspection upon any appropriate grounds and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary materials or as an admission by either party that any document or information constitutes a trade secret.

9. This Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for other grounds provided by applicable law.

10. Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony, or other information disclosed during the course of the trial. If the parties cannot agree upon an appropriate form of order, the matter will be submitted to the Court for determination prior to trial under terms and conditions established by the Court.

11. At the conclusion of this action all originals or reproductions of all documents subject to this protective order shall be returned to the producing party upon request, or destroyed by the non-producing parties.

Respectfully submitted,

| BARBARA HUNT, Plaintiff | BRYANLGH MEDICAL CENTER, Defendant |
|---|---|
| By: s/Kathleen M. Neary<br>Ms. Kathleen M. Neary, #20212<br>Vincent M. Powers & Associates<br>411 South 13th St., Ste 300<br>Lincoln, Nebraska 68508<br>(402) 474-8000 | By: s/David R. Buntain<br>David R. Buntain, #10506<br>CLINE, WILLIAMS, WRIGHT,<br>JOHNSON & OLDFATHER, L.L.P.<br>233 South 13th Street<br>1900 U.S. Bank Building<br>Lincoln, Nebraska 68508<br>(402) 474-6900 |

Approved this 20th day of July, 2006.

BY THE COURT:

United States Magistrate Judge